**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| FREEDOM PATENTS LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, and VERIZON ONLINE, LLC<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:23-cv-00304-ALM<br><br>Jury Trial Demanded |

**DEFENDANTS' ANSWER AND DEFENSES TO**
**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Verizon Communications Inc., Cellco Partnership d/b/a Verizon Wireless, and Verizon Online, LLC ("Defendants" or "Verizon") answer Plaintiff Freedom Patents LLC's ("FP" or "Plaintiff") Original Complaint for Patent Infringement ("Complaint") against Defendants as follows.

Verizon denies that FP is entitled to the relief requested, or any other relief. Verizon further denies each and every allegation contained in the Complaint, except as expressly stated below. Any factual allegation in the Complaint is admitted below only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that arguably follows from the facts as admitted.

## PARTIES

1. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, on that basis, denies such allegations.

2. Verizon admits that Verizon Communications Inc. is a Delaware corporation and has designated Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801 as its agent for service of process.

3. Verizon admits that Paragraph 3 purports to contain quotes from its website. Verizon denies all remaining allegations of Paragraph 3 of the Complaint.

4. Verizon admits that Cellco Partnership d/b/a Verizon Wireless is a general partnership organized and existing under the laws of the State of Delaware and has designated The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

5. Verizon admits that Cellco Partnership d/b/a Verizon Wireless is an indirect subsidiary of Verizon Communications Inc. Verizon denies all remaining allegations of Paragraph 5 of the Complaint.

6. Verizon admits that Verizon Online, LLC is a limited liability company organized and existing under the laws of the State of Delaware. Verizon denies all remaining allegations of Paragraph 6 of the Complaint.

7. Verizon admits that Verizon Online, LLC is an indirectly wholly owned subsidiary by Verizon Communications Inc. Verizon denies all remaining allegations of Paragraph 7 of the Complaint.

8. Verizon admits that it along with other related entities under the Verizon brand could be considered one of the leading providers of mobile network and internet services in the United States. Verizon denies all remaining allegations in Paragraph 8 of the Complaint.

9. Verizon admits that either named defendants or related entities are responsible for offering the accused devices in the United States, including in this District. Verizon denies all

remaining allegations in Paragraph 9 of the Complaint.

10. Verizon admits that Cellco Partnership d/b/a Verizon Wireless and Verizon Online LLC are indirectly wholly-owned by Verizon Communications Inc. Verizon denies all remaining allegations in Paragraph 10 of the Complaint.

11. Verizon denies the allegations in Paragraph 11 of the Complaint.

12. To the extent the allegations in Paragraph 12 of the Complaint set forth legal conclusions, no response is required. To the extent a response is deemed required, such legal conclusions and all allegations in Paragraph 12 are denied.

13. To the extent the allegations in Paragraph 13 of the Complaint set forth legal conclusions, no response is required. To the extent a response is deemed required, such legal conclusions and all allegations in Paragraph 13 are denied.

## JURISDICTION AND VENUE

14. Verizon admits that the Complaint purports to allege a claim for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271, 281, and 284–85, among others, and that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

15. To the extent the allegations in Paragraph 15 of the Complaint set forth legal conclusions, no response is required. To the extent a response is deemed required, such legal conclusions and all allegations in Paragraph 15 are denied.

16. Verizon admits that venue is proper in this district under 28 U.S.C. § 1400(b), but denies that this district is the most convenient venue for litigation of the claims in the Complaint and reserves the right to assert that a change of venue under 28 U.S.C. § 1404 is appropriate. Verizon denies all remaining allegations in Paragraph 16 of the Complaint.

## BACKGROUND

17. Verizon is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 17 of the Complaint and, on that basis, denies such allegations.

18. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, on that basis, denies such allegations.

19. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, on that basis, denies such allegations.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,284,686

20. Verizon admits that U.S. Patent No. 8,284,686 (the "'686 Patent") is entitled "Antenna/Beam Selection Training in MIMO Wireless LANS with Different Sounding Frames." Verizon admits that the '686 Patent states on its face an issue date of October 9, 2012. Verizon denies all remaining allegations of Paragraph 20 of the Complaint.

21. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, on that basis, denies such allegations.

22. Verizon denies the allegations in Paragraph 22 of the Complaint.

23. Verizon denies the allegations in Paragraph 23 of the Complaint.

24. Verizon denies the allegations in Paragraph 24 of the Complaint.

25. Verizon denies the allegations in Paragraph 25 of the Complaint.

26. Verizon denies the allegations in Paragraph 26 of the Complaint.

27. Verizon denies the allegations in Paragraph 27 of the Complaint.

28. Verizon denies the allegations in Paragraph 28 of the Complaint.

29. Verizon denies the allegations in Paragraph 29 of the Complaint.

30. Verizon denies the allegations in Paragraph 30 of the Complaint.

31. Verizon denies the allegations in Paragraph 31 of the Complaint.

32. Verizon denies the allegations in Paragraph 32 of the Complaint.

33. Verizon denies the allegations in Paragraph 33 of the Complaint.

34. Verizon denies the allegations in Paragraph 34 of the Complaint.

35. Verizon denies the allegations in Paragraph 35 of the Complaint.

36. Verizon denies the allegations in Paragraph 36 of the Complaint.

37. Verizon denies the allegations in Paragraph 37 of the Complaint.

38. Verizon denies the allegations in Paragraph 38 of the Complaint.

39. Verizon denies the allegations in Paragraph 39 of the Complaint.

40. Verizon denies the allegations in Paragraph 40 of the Complaint.

41. Verizon denies the allegations in Paragraph 41 of the Complaint.

42. Verizon denies the allegations in Paragraph 42 of the Complaint.

43. Verizon denies the allegations in Paragraph 43 of the Complaint.

44. Verizon denies the allegations in Paragraph 44 of the Complaint.

45. Verizon denies the allegations in Paragraph 45 of the Complaint.

46. Verizon denies the allegations in Paragraph 46 of the Complaint.

47. Verizon denies the allegations in Paragraph 47 of the Complaint.

48. Verizon denies the allegations in Paragraph 48 of the Complaint.

49. Verizon denies the allegations in Paragraph 49 of the Complaint.

50. Verizon denies the allegations in Paragraph 50 of the Complaint.

51. Verizon denies the allegations in Paragraph 51 of the Complaint.

52. Verizon denies the allegations in Paragraph 52 of the Complaint.

53. Verizon denies the allegations in Paragraph 53 of the Complaint.

54. Verizon denies the allegations in Paragraph 54 of the Complaint.

55. Verizon denies the allegations in Paragraph 55 of the Complaint.

56. Verizon admits that it is aware of the ’686 Patent as of the date of service of the Complaint.

57. Verizon denies the allegations in Paragraph 57 of the Complaint.

58. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and, on that basis, denies such allegations.

**COUNT II**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,374,096**

[1]Verizon admits that U.S. Patent No. 8,374,096 (the "’096 Patent") is entitled "Method for Selecting Antennas and Beams in MIMO Wireless LANs." Verizon admits that the ’096 Patent states on its face an issue date of February 12, 2013. Verizon denies all remaining allegations of Paragraph 67 of the Complaint.

59. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint and, on that basis, denies such allegations.

60. Verizon denies the allegations in Paragraph 60 of the Complaint.

61. Verizon denies the allegations in Paragraph 61 of the Complaint.

62. Verizon denies the allegations in Paragraph 62 of the Complaint.

---

[1] FP failed to number the number preceding Paragraph 59 in the Complaint.

63. Verizon denies the allegations in Paragraph 63 of the Complaint.

64. Verizon denies the allegations in Paragraph 64 of the Complaint.

65. Verizon denies the allegations in Paragraph 65 of the Complaint.

66. Verizon denies the allegations in Paragraph 66 of the Complaint.

67. Verizon denies the allegations in Paragraph 67 of the Complaint.

68. Verizon denies the allegations in Paragraph 68 of the Complaint.

69. Verizon denies the allegations in Paragraph 69 of the Complaint.

70. Verizon denies the allegations in Paragraph 70 of the Complaint.

71. Verizon denies the allegations in Paragraph 71 of the Complaint.

72. Verizon denies the allegations in Paragraph 72 of the Complaint.

73. Verizon denies the allegations in Paragraph 73 of the Complaint.

74. Verizon denies the allegations in Paragraph 74 of the Complaint.

75. Verizon denies the allegations in Paragraph 75 of the Complaint.

76. Verizon denies the allegations in Paragraph 76 of the Complaint.

77. Verizon admits that it is aware of the ’096 Patent as of the date of service of the Complaint.

78. Verizon denies the allegations in Paragraph 78 of the Complaint.

79. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint and, on that basis, denies such allegations.

## COUNT III
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,514,815

80. Verizon admits that U.S. Patent No. 8,514,815 (the “’815 Patent”) is entitled “Training Signals for Selecting Antennas and Beams in MIMO Wireless LANs.” Verizon admits

that the ’815 Patent states on its face an issue date of August 20, 2013. Verizon denies all remaining allegations of Paragraph 80 of the Complaint.

81. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint and, on that basis, denies such allegations.

82. Verizon denies the allegations in Paragraph 82 of the Complaint.

83. Verizon denies the allegations in Paragraph 83 of the Complaint.

84. Verizon denies the allegations in Paragraph 84 of the Complaint.

85. Verizon denies the allegations in Paragraph 85 of the Complaint.

86. Verizon denies the allegations in Paragraph 86 of the Complaint.

87. Verizon denies the allegations in Paragraph 87 of the Complaint.

88. Verizon denies the allegations in Paragraph 88 of the Complaint.

89. Verizon denies the allegations in Paragraph 89 of the Complaint.

90. Verizon denies the allegations in Paragraph 90 of the Complaint.

91. Verizon denies the allegations in Paragraph 91 of the Complaint.

92. Verizon denies the allegations in Paragraph 92 of the Complaint.

93. Verizon denies the allegations in Paragraph 93 of the Complaint.

94. Verizon denies the allegations in Paragraph 94 of the Complaint.

95. Verizon denies the allegations in Paragraph 95 of the Complaint.

96. Verizon denies the allegations in Paragraph 96 of the Complaint.

97. Verizon denies the allegations in Paragraph 97 of the Complaint.

98. Verizon admits that it is aware of the ’815 Patent as of the date of service of the Complaint.

99. Verizon denies the allegations in Paragraph 99 of the Complaint.

100. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint and, on that basis, denies such allegations.

## ADDITIONAL ALLEGATIONS REGARDING INFRINGEMENT AND PERSONAL JURISDICTION

101. Verizon denies the allegations in Paragraph 101 of the Complaint.

102. Verizon denies the allegations in Paragraph 102 of the Complaint.

103. Verizon denies the allegations in Paragraph 103 of the Complaint.

104. Verizon denies the allegations in Paragraph 104 of the Complaint.

105. Verizon denies the allegations in Paragraph 105 of the Complaint.

106. Verizon denies the allegations in Paragraph 106 of the Complaint.

107. Verizon denies the allegations in Paragraph 107 of the Complaint.

108. Verizon denies the allegations in Paragraph 108 of the Complaint.

109. Verizon denies the allegations in Paragraph 109 of the Complaint.

110. Verizon denies the allegations in Paragraph 110 of the Complaint.

111. Verizon denies the allegations in Paragraph 111 of the Complaint.

112. Verizon denies the allegations in Paragraph 112 of the Complaint.

113. Verizon denies the allegations in Paragraph 113 of the Complaint.

114. Verizon denies the allegations in Paragraph 114 of the Complaint.

115. Verizon denies the allegations in Paragraph 115 of the Complaint.

116. Verizon denies the allegations in Paragraph 116 of the Complaint.

117. Verizon denies the allegations in Paragraph 117 of the Complaint.

118. Verizon denies the allegations in Paragraph 118 of the Complaint.

119. Verizon denies the allegations in Paragraph 119 of the Complaint.

120. Verizon denies the allegations in Paragraph 120 of the Complaint.

121. Verizon denies the allegations in Paragraph 121 of the Complaint.

122. Verizon denies the allegations in Paragraph 122 of the Complaint.

123. Verizon admits that it is aware of the ’686 Patent, the ’096 Patent, and the ’815 Patent as of the date of service of the Complaint. Verizon denies all remaining allegations in Paragraph 123 of the Complaint.

124. Verizon denies the allegations in Paragraph 124 of the Complaint.

125. Verizon denies the allegations in Paragraph 125 of the Complaint.

126. Verizon denies the allegations in Paragraph 126 of the Complaint.

127. Verizon denies the allegations in Paragraph 127 of the Complaint.

128. Verizon denies the allegations in Paragraph 128 of the Complaint.

## DEMAND FOR JURY TRIAL

FP’s demand for a trial by jury does not require a response by Verizon.

## PRAYER FOR RELIEF

Verizon denies that FP is entitled to any relief whatsoever, including but not limited to the relief sought in FP’s Prayer for Relief.

## DEFENSES

Verizon incorporates by reference as if fully set forth herein its responses to Paragraphs 1–128 of FP’s Complaint. To the extent not expressly admitted above, the factual allegations contained in the Complaint are denied. Without assuming any burden other than that imposed by operation of law and without reducing or removing FP’s burdens of proof on its affirmative claims, Verizon alleges and asserts the following defenses in response to FP’s Complaint and FP’s assertion of infringement of the ’686 Patent, the ’096 Patent, and the ’815 Patent (collectively “the

Asserted Patents"), undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition, Verizon specifically reserves all rights to allege additional defenses that become known through the course of discovery.

**FIRST DEFENSE**
**(FAILURE TO STATE A CLAIM)**

1. FP has failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**
**(NON-INFRINGEMENT)**

2. Verizon has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents, whether directly, indirectly, contributorily, by inducement, individually, jointly, willfully, or otherwise.

**THIRD DEFENSE**
**(INVALIDITY)**

3. The claims of the Asserted Patents are invalid for failure to comply with one or more of the statutory requirements of or conditions for patentability specified by 35 U.S.C. §§ 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or one or more paragraphs of § 112, and the rules and laws pertaining to those provisions.

**FOURTH DEFENSE**
**(PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER)**

4. FP is precluded from construing any valid claim of the Asserted Patents to be infringed, literally or under the Doctrine of Equivalents, due to admissions, arguments, amendments, representations, and/or statements made to the U.S. Patent and Trademark Office (a) during prosecution of the Asserted Patents, (b) in the specification and claims of the Asserted Patents, and/or (c) during the prosecution of patents and applications related to the Asserted

Patents.

**FIFTH DEFENSE**
**(EXPRESS OR IMPLIED LICENSE AND PATENT EXHAUSTION)**

5. FP's claims for relief are barred, in whole or in part, under the doctrine of patent exhaustion and to the extent that the accused products and/or functionalities are covered by a license for the Asserted Patents. To the extent Verizon's vendors, partners, or other upstream suppliers have entered into patent license agreements covering the Asserted Patents, Verizon's use or purchase of network equipment, user equipment or software from those vendors or partners during the terms of those agreements is authorized under those agreements and, therefore, non-infringing as a matter of law.

6. FP's claims for patent infringement are precluded in whole or in part under the doctrine of patent exhaustion.

**SIXTH DEFENSE**
**(FRAND OBLIGATION & LIMITATION ON DAMAGES)**

7. FP's claims for relief are limited by a FRAND obligation contained in Mitsubishi Electric Corp.'s, a prior assignee, statement in a June 17, 2009 Letter of Assurance for Essential Patent Claims which obligates FP to "grant a license under reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable terms and conditions that are demonstrably free of unfair discrimination."[2]

8. FP's claims for relief are statutorily limited in whole or in part by 35 U.S.C. § 286.

9. To the extent that FP, its alleged predecessor(s)-in-interest to the Asserted Patents, or any licensee of the Asserted Patents failed to properly mark any of their relevant products as

---

[2] Records of IEEE Standards-Related Patent Letters of Assurances, IEEE, https://standards.ieee.org/wp-content/uploads/import/governance/patcom/loa-802_16-mitsu-17jun2009.pdf .

required by 35 U.S.C. § 287 or otherwise give proper notice that Verizon's actions allegedly infringed any claim of the Asserted Patents, Verizon is not liable to FP for the acts alleged to have been performed before Verizon received actual notice of infringement. On information and belief, FP's claims are barred, in whole or in part, or otherwise limited pursuant to 35 U.S.C. §287.

**SEVENTH DEFENSE**
**(COSTS)**

10. FP is precluded by 35 U.S.C. § 288 from recovering costs associated with its action.

**EIGHT DEFENSE**
**(NO ENTITLEMENT TO INJUNCTIVE RELIEF)**

11. FP is not entitled to injunctive relief. Under *eBay v. MercExchange*, LLC, 547 U.S. 388 (2006), any alleged injury to FP would not be immediate or irreparable, FP would have an adequate remedy at law, and the balance of hardships does not warrant injunctive relief.

**NINTH DEFENSE**
**(ENSNAREMENT)**

12. FP's claims for infringement under the doctrine of equivalents are limited by the doctrine of ensnarement based on the ensnaring of prior art gateways, servers, and industry standards (e.g., IEEE 802.11). Prior art does not permit the doctrine of equivalents to be read as FP attempts.

**RESERVATION OF DEFENSES**

Verizon hereby reserves the right to supplement defenses as discovery proceeds in this case.

## PRAYER FOR RELIEF

WHEREFORE, reserving its right to amend the pleadings to add counterclaims and defenses, if warranted by discovery, prays for the following relief:

a. A judgment that Verizon did not infringe, has not infringed, and does not infringe any claim of the ’686, ’096, and the ’815 Patents;

b. A judgment that the claims of the ’686, ’096, and the ’815 Patents are invalid;

c. A judgment dismissing FP’s Complaint with prejudice, and adjudging that FP take nothing by its Complaint;

d. A judgment enjoining FP and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with FP from charging infringement or instituting any legal action for infringement of the ’686, ’096, and the ’815 Patents or any related patent against Verizon or anyone acting in privity with Verizon; and

e. Such other and further relief, whether legal, equitable, or otherwise, as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Defendants respectfully demand a jury trial of all issues triable to a jury in this action.

Respectfully submitted,

Dated: August 31, 2023

/s/ *Holly Engelmann*

Deron R Dacus
ddacus@dacusfirm.com
**THE DACUS FIRM, PC**
821 ESE Loop 323
Suite 430
Tyler, TX 75701
Telephone: (903) 705.1117
Facsimile: (903) 581.2543

Holly Engelmann
TX Bar No. 24040865
HEngelmann@duanemorris.com
**DUANE MORRIS LLP**
100 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: (214) 257-7200
Facsimile: (214) 257-7201

Kevin P. Anderson
KPAnderson@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue N.W.,
Suite 700 East
Washington, DC 20001-4795
Telephone: (202) 776 5213
Facsimile: (202) 776 7801

*Attorneys for Defendants Verizon Communications Inc., Cellco Partnership d/b/a Verizon Wireless, and Verizon Online, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 31, 2023.

/s/ *Holly Engelmann*
Holly Engelmann